1  BILAL A. ESSAYLI
   United States Attorney
2  DAVID M. HARRIS
   Assistant United States Attorney
3  Chief, Civil Division
   JOANNE S. OSINOFF
4  Assistant United States Attorney
   Chief, Complex and Defensive Litigation Section
5  ALEXANDER L. FARRELL (Cal. Bar No. 335008)
   Assistant United States Attorney
6       Federal Building, Suite 7516
        300 North Los Angeles Street
7       Los Angeles, California 90012
        Telephone: (213) 894-5557
8       Facsimile: (213) 894-7819
        E-mail: Alexander.Farrell@usdoj.gov
9
   Attorneys for Defendant
10 U.S. Customs and Border Protection

11                UNITED STATES DISTRICT COURT

12           FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

14 JOHN M. MANLEY,                    No. 2:24-cv-01427-JAK-SK

15      Plaintiff,                    **DEFENDANT U.S. CUSTOMS AND
                                      BORDER PROTECTION'S RESPONSE
16      v.                            TO STATEMENT OF
                                      UNCONTROVERTED FACTS**
17 U.S. CUSTOMS AND BORDER
   PROTECTION,
18                                    Honorable John A. Kronstadt
        Defendant.                    United States District Judge
19

20

21

22

23

24

25

26

27

28

Pursuant to Fed R. Civ. P. Rule 56 and Local Rule 56-1, Defendant U.S. Customs and Border Protection submits this Response to Statement of Uncontroverted Facts submitted by the Parties. *See* Dkt. 30-1 (Plaintiff's Statement of Genuine Disputes of Material Fact); *see also* Dkt. 30-2 (Plaintiff's Statement of Additional Facts).

| NO. | CBP'S UNCONTROVERTED FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| 1 | On September 25, 2023, Plaintiff, through counsel, submitted a FOIA request via CBP's online FOIA portal located at [www.securerelease.us](www.securerelease.us). Declaration of Patrick A. Howard ("Howard Decl."); Dkt. 1 (Complaint) ¶ 40. | Undisputed. |
| 2 | Plaintiff's FOIA Request sought nine categories of records related to the policies, practices, complaints, and data regarding CBP's system for enforcing penalties against alleged SENTRI and NEXUS lane violators.<br><br>Dkt. 1 ¶ 41(1)-(9); Howard Decl., ¶ 14. | Undisputed. |
| 3 | The FOIA Division at CBP reviews FOIA requests, determines whether responsive records exist, and, if so, whether they can be released in accordance with the FOIA.<br><br>Howard Decl. ¶ 6. | Undisputed. |
| 4 | In processing such requests, the FOIA Division consults with CBP personnel and, when appropriate, with other components in the DHS, as well as other Executive Branch agencies.<br><br>Howard Decl. ¶ 6. | Undisputed. |
| 5 | When CBP receives a FOIA request that reasonably describes the records requested and otherwise complies with the Agency's rules governing the procedures for FOIA requests, CBP must search for and retrieve | Undisputed. |

| NO. | CBP'S UNCONTROVERTED FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | potentially responsive records.<br><br>Howard Decl. ¶ 7. | |
| 6 | Based upon the requester's description of the records being sought, and the FOIA Division's knowledge of the various CBP subcomponents' missions, the FOIA division identifies the subcomponent(s) likely to possess responsive records.<br><br>Howard Decl. ¶ 7. | Undisputed. |
| 7 | The CBP FOIA division then tasks the appropriate subcomponent(s) to conduct the necessary searches.<br><br>Howard Decl. ¶ 8. | Undisputed. |
| 8 | Once the FOIA Division determines the appropriate subcomponent(s) for a given request, it assigns the request to the Point(s) of Contact (POC(s)) in each of those subcomponents and instructs them to conduct a search for responsive records.<br><br>Howard Decl. ¶ 8. | Undisputed. |
| 9 | The POC(s) then review the FOIA request, along with any case-specific instructions provided by the FOIA Division.<br><br>Howard Decl. ¶ 8. | Undisputed. |
| 10 | The POC(s) uses their experience and knowledge of their subcomponent's practices and activities to forward the FOIA request and instructions to the individual employee(s) or office(s) within the subcomponent that they believe are reasonably likely to have responsive records. | Undisputed. |

2

| NO. | CBP'S UNCONTROVERTED FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | Howard Decl. ¶ 8. | |
| 11 | The FOIA Division instructs individuals and offices to conduct searches of the file systems (including both paper and electronic files) that in their judgment, based on their knowledge of the manner in which they routinely keep records, would be the most likely systems to contain responsive documents.<br><br>Howard Decl. ¶ 9. | Undisputed. |
| 12 | Once those searches are completed, the individual(s) and program offices provide any potentially responsive records along with a completed search form to the assigned FOIA processor.<br><br>Howard Decl. ¶ 11. | Undisputed. |
| 13 | The FOIA processor then reviews the collected records for responsiveness, application of appropriate FOIA exemptions, and the necessity of any referrals and/or consultations.<br><br>Howard Decl. ¶¶ 11-13. | Undisputed. |
| 14 | The Seized Assets and Case Tracking System (SEACATS) is the information system for records of import and export, fines and penalties, and other enforcement incidents related to CBP and U.S. Immigration and Customs Enforcement (ICE) and Homeland Security Investigations.<br><br>Howard Decl. ¶ 10. | Undisputed. |
| 15 | The system tracks the physical inventory and records disposition of all seized assets, as well as the administrative and criminal | Undisputed. |

3

| NO. | CBP'S UNCONTROVERTED FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | cases associated with those seizures. Howard Decl. ¶ 10. | |
| 16 | SEACATS functions as the case management system capturing the relevant information and adjudication of the legal outcomes of all fines, penalties, and liquidated damages. Howard Decl. ¶ 10. | Undisputed. |
| 17 | The SEACATS also serves as the financial system of record for all collections related to these enforcement actions. Howard Decl. ¶ 10. | Undisputed. |
| 18 | The SEACATS holds only the raw data of records in its system. Howard Decl. ¶ 10. | Disputed. The cited paragraph does not use the word "only." *See also* Howard Decl., ¶ 10 (stating SEACATS "tracks" inventory and records, "functions" as a "case management system," and "serves as the financial system" for "all collections," in addition to holding raw data; s*ee also* Def's SUF Nos. 14-17. |
| 18. CBP's Response: The declaration states in full "SEACATS holds the raw data of the records mentioned above and does not hold or produce statistics." *See* Howard Decl. ¶ 10. |||
| 19 | The SEACATS does not hold or produce statistics. Howard Decl. ¶ 10. | Disputed. Howard Decl., ¶ 10 (stating SEACATS holds "raw data"); Declaration of Bardis Vakili (May 4, 2025) ("Vakili Decl."), Ex. E at 8-10 (2024 DHS Office of Inspector General ("OIG") report stating |

| NO. | CBP'S UNCONTROVERTED FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | | there is a "vast amount of associated SEACATS documentation" regarding fines and penalties, that SEACATS has the capability "to generate monthly reports" and "to generate reports" that "include[] real time information," and that OIG had previously utilized SEACATS to determine that the "[t]he universe of penalty cases for OIG-22-34 was 16,293 cases, totaling $2.5 billion."); *see also* Declaration of Bardis Vakili (Mar. 2, 2025), Ex. A, Dkt 23-2 (providing this same information in a December 12, 2024 email to Defendant's counsel). |
| 18. CBP's Response: Undisputed but the cited material by Plaintiff in the Vakili Declaration is immaterial as to whether CBP conducted an adequate search reasonably calculated to uncover all responsive documents based on the terms of the FOIA Request, processed the records identified by its search, and/or applied appropriate exemptions under the FOIA. This is also immaterial as to whether CBP released all reasonably segregable, non-exempt information related to Plaintiff's Request. | | |
| 20 | The SEACATS is managed and operated by CBP's Office of Field Operations (OFO) for use by the OFO Office of Fines, Penalties, and Forfeitures (FP&F).<br><br>Howard Decl. ¶ 10. | Undisputed. |
| 21 | FP&F's Director, Lisa K. Santana Fox, reviewed Plaintiff's FOIA request and assigned the search of records to a SEACATS program manager within FP&F at OFO Headquarters. | Undisputed. |

| NO. | CBP'S UNCONTROVERTED FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | Howard Decl. ¶ 18; Declaration of Lisa K. Santana Fox, ("Santana Fox Decl.") ¶ 4. | |
| 22 | FP&F used the key-word search terms "SENTRI" and "NEXUS" which were selected by FP&F management based on a review of Plaintiff's FOIA request and consideration of what terms FP&F reasonably anticipated would "hit" upon potentially responsive documents and because of terminology used by the subcomponent.<br><br>Howard Decl. ¶ 19; Santana Fox Decl. ¶ 5. | Undisputed that FP&F used the key-word search terms "SENTRI" and "NEXUS." Disputed that these terms "reasonably anticipated" a "hit" upon responsive documents. *See* Declaration of John M. Manley (May 3, 2025) ("Manley Decl."), Ex. A at 15 (listing statutes alleged to be violated that might also generate a "hit"), 16 and 34 (receipts listing account code "327 – Miscellaneous Penalty" which might also generate a "hit"). *See also* Manley Decl., Ex. B at 13 (listing statutes alleged to be violated that might also generate a "hit"), 15-16 and 31-32 (receipts and form listing account code "327 – Miscellaneous Penalty" which might also generate a "hit"). *See also* Vakili Decl. ¶ 9. Without the benefit of discovery regarding the manner in which CBP collects, tracks, and inputs information regarding fines for SENTRI and NEXUS violations, Plaintiff lacks sufficient information to state whether it is undisputed that these terms |

| NO. | CBP'S UNCONTROVERTED FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | | were reasonably calculated to yield responsive records. |
| 22. CBP's Response: CBP's supplemental declaration provides further explanation for the basis of its FOIA search in the SEACATS database. *See* Supplemental Declaration of Lisa K. Santana Fox ¶¶ 7-11. In addition, the cited material by Plaintiff is immaterial as to whether CBP conducted an adequate search reasonably calculated to uncover all responsive documents based on the terms of the FOIA Request, processed the records identified by its search, and/or applied appropriate exemptions under the FOIA. This is also immaterial as to whether CBP released all reasonably segregable, non-exempt information related to Plaintiff's Request. | | |
| 23 | Based on the Search, CBP did not find "Statistics reflecting the total number of fines and/or demands for payment issued by CBP for unauthorized use of the SENTRI lane, the dollar amount of each fine, the location where such fines were incurred, and the frequency of fines issued since January I, 2020."<br><br>Howard Decl. ¶ 20; Santana Fox Decl. ¶ 7. | Undisputed. |
| 24 | All locations reasonably calculated to contain records responsive to the Request (to the extent that they exist within CBP's custody) were searched.<br><br>Howard Decl. ¶¶ 16-17, 21-22; Santana Fox Decl. ¶ 5. | Disputed.<br>Howard Decl. ¶ 10 (stating "CBP Subcomponents use various systems to maintain records" and listing SEACATS as merely one example of such systems, but also listing "personal and shared drives" and "paper files"); *see generally* Howard Decl. and Santana Fox Decl. (not identifying any other "systems" other than SEACATS that were searched). |

| NO. | CBP'S UNCONTROVERTED FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | | Vakili Decl. ¶ 9. Without the benefit of discovery regarding the locations where CBP collects, tracks, and inputs information regarding fines for SENTRI and NEXUS violations, Plaintiff lacks sufficient information to state whether it is undisputed that these terms were reasonably calculated to yield responsive records. |
| 24. CBP's Response: Undisputed. The Plaintiff's cited evidence of the Vakili Declaration does not establish the proffered fact, but rather states an opinion and/or improper argument. | | |
| 25 | When the search was completed, CBP identified responsive records and CBP FOIA provided four releases in total to Plaintiff.<br><br>Howard Decl. ¶ 21. | Undisputed. |
| 26 | On June 24, 2024, CBP provided its first Production to the Plaintiff.<br><br>Howard Decl. ¶ 21. | Undisputed. |
| 27 | In that first production and the accompanying response, CBP produced records titled as Mitigation Guidelines Fines Penalties Forfeitures and Liquidated Damages, Feb 2004 (253 pages) whose custodian is FP&F; SENTRI no tag override IP (2 page) whose custodian is TTP; and TTP Reconsideration Fact Sheet (2 pages) whose custodian is TTP.<br><br>Howard Decl. ¶ 21. | Undisputed. |

| NO. | CBP'S UNCONTROVERTED FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| 28 | On June 26, 2024, CBP provided its second production to the Plaintiff.<br><br>Howard Decl. ¶ 21. | Undisputed. |
| 29 | In that second production and the accompanying response, CBP produced records titled as 2022 Final TTP Handbook HB 3300-011 (NTC-TTV) (78 pages) whose custodian is APP; Memo TTP Handbook JUNE2024 (1 page) whose custodian is APP.<br><br>Howard Decl. ¶ 21. | Undisputed. |
| 30 | On October 10, 2024, CBP provided its third production to the Plaintiff.<br><br>Howard Decl. ¶ 21. | Undisputed. |
| 31 | In that third production and in the accompanying response, CBP produced records 64 pages determined to be partially releasable whose custodian is Compliments and Complaints Branch.<br><br>Howard Decl. ¶ 21. | Undisputed. |
| 32 | On December 5, 2024, CBP provided its fourth and final production to the Plaintiff.<br><br>Howard Decl. ¶ 21. | Undisputed. |
| 33 | In that fourth production and in the accompanying response, CBP produced 27 pages determined to be partially releasable whose custodian is R&R; 1 page of the TTP Handbook unredacted.<br><br>Howard Decl. ¶ 21. | Undisputed. |
| 34 | CBP also provided the following publicly available website link to general statistical records, | Undisputed. |

| NO. | CBP'S UNCONTROVERTED FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | https://www.cbp.gov/newsroom/stats/trade.<br><br>Howard Decl. ¶ 21. | |
| 35 | On March 26, 2025, the parties stipulated that a limited set of documents remained at issue in this FOIA action, and that the withholding of information within those documents would be briefed on summary judgment. The Court approved the Stipulation on April 1, 2025.<br><br>Dkt. 26-27 | Disputed in part. The stipulation, Dkt. 26, was only regarding the scope of the *Vaughn* index dispute. It was titled "Stipulation: Re The Scope of *Vaughn* Index For Freedom of Information Act (FOIA) Production," and it served only to limit "the scope of the dispute as to Defendant's *Vaughn* Index." Dkt. 27 at 2. It was not a stipulation "that a limited set of documents remained at issue in this FOIA action" more broadly. Undisputed that the Court approved the Stipulation on April 1, 2025. |
| | 35. CBP's Response. Undisputed but immaterial. | |
| 36 | CBP applied FOIA Exemptions (b)(6) and (b)(7)(C) to protect name and contact information of government employees. Howard Decl. ¶ 27. | Undisputed. |
| 37 | CBP applied FOIA Exemption (b)(7)(E) redactions to protect information describing secondary land border officer procedures, including specific technique/methods utilized by the officers, the computer systems used by the officers to input information that is in accordance with current policies and procedures for internal security systems, which includes encrypted law enforcement codes and/or terminology, as well as systems utilized by other | Undisputed. |

| NO. | CBP'S UNCONTROVERTED FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | Agencies.<br><br>Howard Decl. ¶ 29. | |
| 38 | CBP applied FOIA Exemption (b)(7)(E) redactions to protect information that includes information on internal systems, codes and database, procedures for officers and supervisors on primary and secondary, which the Agency considers law enforcement sensitive information, information explaining law enforcement techniques, mechanisms, and procedures used by CBP Officers to carry out operations.<br><br>Howard Decl. ¶ 31. | Undisputed. |
| 39 | CBP FOIA Division staff considered which CBP databases were likely to hold information responsive to Plaintiff's FOIA request, based upon a careful review of the content of the request itself and the nature of the records sought.<br><br>Howard Decl. ¶ 16. | Undisputed. |
| 40 | The CBP FOIA Division determined that OFO, Office of Trade Rules and Regulations ("R&R"), Office of the Commissioner Compliments and Complaints Branch, were the offices that most likely maintained records.<br><br>Howard Decl. ¶ 16. | Undisputed. |
| 41 | The OFO is responsible for all activity, including reviewing applicants for admission, at the port-of-entry ("POE") along international borders, airports, and seaports, and Plaintiff's FOIA request inquiries about POE programs SENTRI and | Undisputed that Plaintiff's FOIA request inquired about POE programs SENTRI and NEXUS.<br>Disputed that OFO is responsible for "all activity" |

| NO. | CBP'S UNCONTROVERTED FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | NEXUS.<br><br>Howard Decl. ¶ 17. | that occurs at ports of entry, airports, and seaports. However, it is undisputed that OFO is responsible for "reviewing applicants for admission" at these listed locations. |
| 41. CBP's Response: Undisputed. Plaintiff does not cite to any evidence that establish the proffered fact, but rather states an opinion and/or improper argument. | | |
| 42 | The OFO determined the various subcomponents that most likely maintained information responsive to Plaintiff's FOIA request, including the Admissibility and Passenger Programs ("APP"), the Trusted Traveler Program ("TTP"), and FP&F.<br><br>Howard Decl. ¶ 17. | Undisputed. |
| 43 | After receiving instruction from the FOIA Division, the APP and the TTP subcomponents identified responsive records to Plaintiff's Request.<br><br>Howard Decl. ¶ 21. | Undisputed. |
| 44 | CBP performed a line-by-line review of each CBP record responsive to Plaintiff's FOIA request and determined it had released all segregable information.<br><br>Howard Decl. ¶ 33. | Undisputed that CBP conducted a line-by-line review of each CBP record *identified by CBP* as responsive to Plaintiff's FOIA request.<br>Disputed that CBP conducted such a review of each CBP record that is *actually* responsive to Plaintiff's FOIA request, because Plaintiff disputes that CBP conducted a reasonable search to identify all such records. |

| NO. | CBP'S UNCONTROVERTED FACT AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| 44. CBP's Response: Undisputed. Plaintiff does not cite to any evidence that establish the proffered fact, but rather states an opinion and/or improper argument. | | |

| NO. | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE (DKT. 30-2) | CBP'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| 45 | The subject of Plaintiff's FOIA request is a civil assert forfeiture program operated by CBP at ports of entry, under which CBP fines drivers and passengers in vehicles the agency alleges to be in vehicle lanes dedicated for members of Trusted Traveler programs without proper authorization. At the southern border, these are referred to as SENTRI lanes.<br><br>Vakili Decl. ¶ 4. | Undisputed but immaterial as to whether CBP conduced an adequate search reasonably calculated to uncover all responsive documents based on the terms of the FOIA Request, processed the records identified by its search, and/or applied appropriate exemptions under the FOIA. This is also immaterial as to whether CBP released all reasonably segregable, non-exempt information related to Plaintiff's |

| NO. | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE (DKT. 30-2) | CBP'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | | Request. |
| 46 | CBP did not respond to Plaintiff's FOIA request within the statutory deadline, prompting the initiation of this litigation on February 21, 2024.<br><br>Vakili Decl. ¶ 8; Complaint, Dkt 1. | Undisputed but immaterial as to whether CBP conduced an adequate search reasonably calculated to uncover all responsive documents based on the terms of the FOIA Request, processed the records identified by its search, and/or applied appropriate exemptions under the FOIA. This is also immaterial as to whether CBP released all reasonably segregable, non-exempt information related to Plaintiff's Request. |
| 47 | Plaintiff alleges in his Complaint that, under this scheme, when motorists arrive at a port of entry in a lane reserved for individuals participating in the Secure Electronic Network for Travelers Rapid Inspection ("SENTRI") | Disputed. The cited evidence does not establish the proffered fact, |

| NO. | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE (DKT. 30-2) | CBP'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | program but lack a SENTRI pass, CBP demands payment of an exorbitant fine from drivers and even their passengers, on the spot.<br><br>Cmplt, Dkt. 1 ¶¶ 23-36; Vakili Decl. ¶¶ 5-6. | but rather states an allegation from the Complaint. |
| 48 | Rather than provide due process prior to extracting a fine, which is usually in the $5,000 range, CBP requires people wishing to challenge the fine or provide mitigating factors to do so afterwards in a petition for relief.<br><br>Cmplt, Dkt. 1 ¶¶ 23-36; Vakili Decl. ¶¶ 5-6; Declaration of John M. Manley ("Manley Decl.") ¶ 4. | Undisputed but immaterial as to whether CBP conduced an adequate search reasonably calculated to uncover all responsive documents based on the terms of the FOIA Request, processed the records identified by its search, and/or applied appropriate exemptions under the FOIA. This is also immaterial as to whether CBP released all reasonably segregable, non-exempt information related to Plaintiff's |

15

| NO. | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE (DKT. 30-2) | CBP'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | | Request. |
| 49 | Plaintiff is an immigration lawyer and advocate who regular represents individuals contesting their fines, including individuals who mistakenly arrive in SENTRI lanes because of poor signage, confusing traffic patterns, incorrect electronic map instructions, and barriers to exiting the SENTRI lane once in one.<br><br>Manley Decl. ¶¶ 2-3; Vakili Decl. ¶ 6. | Undisputed but immaterial as to whether CBP conduced an adequate search reasonably calculated to uncover all responsive documents based on the terms of the FOIA Request, processed the records identified by its search, and/or applied appropriate exemptions under the FOIA. This is also immaterial as to whether CBP released all reasonably segregable, non-exempt information related to Plaintiff's Request. |
| 50 | Mr. Manley believes CBP's SENTRI enforcement system is arbitrary, opaque, and potentially unlawful, and he seeks to educate the public about CBP's practice, including how robust and lucrative it may be for CBP. | Disputed. The cited evidence does not establish the proffered fact, |

| NO. | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE (DKT. 30-2) | CBP'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
|  | Manley Decl. ¶¶ 4-5; Vakili Decl. ¶¶ 6-7. | but rather states an opinion and/or improper argument. |
| 51 | Plaintiff's FOIA request seeks records in nine categories related to the policies, practices, complaints, and data regarding CBP's civil asset forfeiture program for SENTRI violations. Complaint, Dkt. 1 ¶¶ 40-41. | Undisputed. |
| 52 | Some of the records produced by CBP after the initiation of this litigation were heavily redacted, including entire sections of the material most responsive to Plaintiff's requests. Vakili Decl. Ex. A (2022 Trusted Travelers Program Handbook ("TTP Handbook")); Vakili Decl. Ex B. ("SENTRI no tag override" document dated Apr. 30, 2018); Vakili Decl. Ex. C (Sept. 1, 2022 Memorandum re Implementation of Trusted Traveler Programs Handbook ("Memo TTP Handbook")). | Undisputed but immaterial as to whether CBP conduced an adequate search reasonably calculated to uncover all responsive documents based on the terms of the FOIA Request, processed the records identified by its search, and/or applied appropriate exemptions under the FOIA. This is also immaterial as to whether CBP released all reasonably segregable, non- |

| NO. | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE (DKT. 30-2) | CBP'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | | exempt information related to Plaintiff's Request. |
| 53 | [Omitted].<br>N/A | Undisputed. |
| 54 | On January 13, 2025, the parties submitted a Joint Status Report indicating they have "narrowed the issues that remain in dispute" to two: (1) whether "CBP conducted an adequate search for records" regarding the number of fines and money taken in from SENTRI lane enforcement, and (2) whether CBP can justify the redactions in a limited set of documents produced.<br><br>Jt. Status Report, Dkt. 20. | Disputed. The Status Report speaks for itself and is the best evidence of its contents and does not need to be summarized or paraphrased.<br><br>Dkt. 20, 1:14-21. |
| 55 | In querying SEACATS for responsive data, the agency used only two search terms, "NEXUS" and "SENTRI," without providing any indication that these terms are used when agents input fines for SENTRI violation into the SEACATS system, without explaining whether it considered other terms that agents would likely utilize in doing so, and without adequately justifying its failure to utilize other obvious terms.<br><br>Declaration of Lisa K. Santana Fox, Dkt. 28-4 ¶¶ 5-6. | Partially Disputed as to the summary of the "fact." The declaration speaks for itself and is the best evidence of its contents and does not need to be summarized or paraphrased.<br><br>CBP's supplemental declaration provides further explanation for the basis of its |

| NO. | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE (DKT. 30-2) | CBP'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | | FOIA search in the SEACATS database. *See* Supplemental Declaration of Lisa K. Santana Fox ¶¶ 7-11. |
| 56 | When CBP imposes fines on drivers for SENTRI violations, it often cites 19 U.S.C. §§ 1433(b), and 1436, as well as 19 C.F.R. § 123.2, as its legal justifications. Manley Decl., Ex. A (Petition for relief for client driver) at 15. | Undisputed but immaterial as to whether CBP conduced an adequate search reasonably calculated to uncover all responsive documents based on the terms of the FOIA Request, processed the records identified by its search, and/or applied appropriate exemptions under the FOIA. This is also immaterial as to whether CBP released all reasonably segregable, non-exempt information |

| NO. | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE (DKT. 30-2) | CBP'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | | related to Plaintiff's Request. |
| 57 | When CBP imposes fines on passengers of vehicles where the driver is alleged to have violated SENTRI rules, it often cites 19 U.S.C. § 1459.<br><br>Manley Decl., Ex. B (Petition for relief for client passenger) at 13. | Undisputed but immaterial as to whether CBP conduced an adequate search reasonably calculated to uncover all responsive documents based on the terms of the FOIA Request, processed the records identified by its search, and/or applied appropriate exemptions under the FOIA. This is also immaterial as to whether CBP released all reasonably segregable, non-exempt information related to Plaintiff's Request. |

| NO. | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE (DKT. 30-2) | CBP'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| 58 | Receipts and paperwork CBP gives to individuals it fines for SENTRI lane violations include an "Acct. Class Code" number "327" as a "Miscellaneous Penalty."<br><br>Manley Decl., Ex. A at 16 and 34; Manley Decl., Ex. B at 15-16 and 31-32. | Undisputed but immaterial as to whether CBP conduced an adequate search reasonably calculated to uncover all responsive documents based on the terms of the FOIA Request, processed the records identified by its search, and/or applied appropriate exemptions under the FOIA. This is also immaterial as to whether CBP released all reasonably segregable, non-exempt information related to Plaintiff's Request. |
| 59 | There are specific detailed steps and information that CBP officers must input within internal computer systems when documenting non-member violators of Trusted Traveler programs. | Undisputed. |

| NO. | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE (DKT. 30-2) | CBP'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | Defendant's *Vaughn* Index, Dkt. 28-3 at 9; Vakili Decl. Ex. A at 59 (TTP Handbook, Section 16.11). | |
| 60 | One document produced by CBP in this litigation suggests that information on the number of SENTRI lane violations is readily ascertainable, stating that "[t]he volume of [SENTRI lane violation] referrals are extremely high specifically on the Southern Border accounting for [redacted] on average during a Sunday at San Ysidro[.]"<br><br>Vakili Decl., Ex. B at 2. | Disputed. The cited evidence does not establish the proffered fact, but rather states opinion and/or improper argument. |
| 61 | Because Defendant has thus far refused to engage in discovery, Plaintiff lacks essential information necessary to oppose Defendant's current or any forthcoming motion for summary judgment. Specifically, Plaintiff requires information regarding CBP's methods and terminology for inputting and maintaining SENTRI enforcement data in its databases, including SEACATS. Plaintiff also lacks information regarding the functionality of the SEACATS database to generate reports and statistics.<br><br>Vakili Decl. ¶ 9. | Disputed. The cited evidence does not establish the proffered fact, but rather states an argument.<br><br>Plaintiff's opposition brief (Dkt. 30) states "…Plaintiff provides sufficient disputes of material fact to defeat Defendant's summary judgment motion insofar as it pertains to the adequacy of CBP's search for data…" |

| NO. | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE (DKT. 30-2) | CBP'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | | Dkt. 30 13:11-13. |
| 62 | "Once an arrest or seizure case is initiated, the initiating officer must submit the incident report in SEACATS," which "may include supporting information about the violation, the property description, quantities of items seized, and information related to the violator," as well as "Fines and penalties data" and "date and place of violation or alleged violation." <br><br> Vakili Decl. Ex. D at 3-4, 10-11 (DHS. "Privacy Impact Statement for the Seized Assets and Case Tracking System," DHS/CBP/PIA-040, 1-2, 8-9 (Apr. 10, 2017), https://www.dhs.gov/sites/default/files/publications/privacy-pia-cbp-040-seacats-april2017.pdf.). | Undisputed but immaterial as to whether CBP conduced an adequate search reasonably calculated to uncover all responsive documents based on the terms of the FOIA Request, processed the records identified by its search, and/or applied appropriate exemptions under the FOIA. This is also immaterial as to whether CBP released all reasonably segregable, non-exempt information related to Plaintiff's Request. |

| NO. | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE (DKT. 30-2) | CBP'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| 63 | SEACATS also contains "documentation for CBP enforcement activities related to arrests and seizures," including the "[i]ssuance of penalties and liquidated damages," "CBP enforcement activities from case initiation to final disposition and closure," and "Collection of fines and penalties related to enforcing laws."<br><br>Vakili Decl. Ex. D at 3-4, 10-11 (DHS. "Privacy Impact Statement for the Seized Assets and Case Tracking System," DHS/CBP/PIA-040, 1-2, 8-9 (Apr. 10, 2017), https://www.dhs.gov/sites/default/files/publications/privacy-pia-cbp-040-seacats-april2017.pdf.). | Undisputed but immaterial as to whether CBP conduced an adequate search reasonably calculated to uncover all responsive documents based on the terms of the FOIA Request, processed the records identified by its search, and/or applied appropriate exemptions under the FOIA. This is also immaterial as to whether CBP released all reasonably segregable, non-exempt information related to Plaintiff's Request. |
| 64 | SEACATS contains "Auditable financial year end statements for the Department of Treasury to document the financials of CBP Forfeiture Programs," which "includes all information that is entered into SEACATS." | Undisputed but immaterial as to whether CBP conduced an adequate search |

| NO. | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE (DKT. 30-2) | CBP'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | Vakili Decl. Ex. D at 3-4, 10-11 (DHS. "Privacy Impact Statement for the Seized Assets and Case Tracking System," DHS/CBP/PIA-040, 1-2, 8-9 (Apr. 10, 2017), https://www.dhs.gov/sites/default/files/publications/privacy-pia-cbp-040-seacats-april2017.pdf.). | reasonably calculated to uncover all responsive documents based on the terms of the FOIA Request, processed the records identified by its search, and/or applied appropriate exemptions under the FOIA. This is also immaterial as to whether CBP released all reasonably segregable, non-exempt information related to Plaintiff's Request. |
| 65 | In recent years, CBP transitioned SEACATS "from an outdated mainframe platform technology to a more modern, cloud computing technology" with "improved… data sharing" that "contributes to a more complete and accurate law enforcement information.". | Undisputed but immaterial as to whether CBP conduced an adequate search reasonably calculated to uncover all responsive documents based |

| NO. | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE (DKT. 30-2) | CBP'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | | on the terms of the FOIA Request, processed the records identified by its search, and/or applied appropriate exemptions under the FOIA. This is also immaterial as to whether CBP released all reasonably segregable, non-exempt information related to Plaintiff's Request. |
| 66 | Trusted Traveler programs are not "law enforcement" programs, but rather they "allow members to use expedited lanes at the U.S. airports, and when crossing international borders." | Disputed. The cited evidence does not establish the proffered fact, but rather states an opinion and/or improper argument. |
| 67 | The SENTRI No Tag Override appears to discuss the processing of alleged violations "based solely on the violation of unauthorized lane usage."<br><br>Vakili Decl., Ex. B at 2. | Disputed. The cited evidence does not establish the proffered fact, but rather states an opinion and/or improper |

| NO. | PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS AND SUPPORTING EVIDENCE (DKT. 30-2) | CBP'S RESPONSE TO CITED FACT AND SUPPORTING EVIDENCE |
|---|---|---|
| | | argument. |

Dated: May 19, 2025

Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive
Litigation Section


  /s/Alexander L. Farrell
ALEXANDER L. FARRELL
Assistant United States Attorney

Attorneys for Defendant U.S.
Customs and Border Protection

27